IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00077-REB-BNB

MARK STAVASKI,

Plaintiff,

v.

SUN MICROSYSTEMS, INC., and
DAVID PROFOZICH,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion to Strike Non-Rebuttal Provisions of Jory Laine's October 30, 2009 Expert Report for Untimeliness** [Doc. # 67, filed 11/16/2009] (the "Motion to Strike"). I held a hearing on the Motion to Strike this afternoon and made rulings on the record, which are incorporated here.

The plaintiff seeks to strike portions of the Laine report as untimely, arguing that (1) the defendant bears the burden of proof on the issue of mitigation; (2) the scheduling order required the defendants to disclose experts on those matters where they bore the burden of persuasion by September 1, 2009 (the deadline for principal expert disclosures, not rebuttal experts); and the defendants did not disclose Laine's opinions on mitigation until they made their rebuttal expert disclosures on November 2, 2009.

The purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition, any pretrial motions and trial." Cook v. Rockwell Int'l Corp., 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006). Here, as in ABB

Air Prejeater, Inc. v. Regenerative Environmental Equipment Co., Inc., 167 F.R.D. 668, 672 (D. N.J. 1996), it is undisputed that the defendants disclosed their expert's opinions well before trial. "If anything, this is a case of late disclosure, rather than non-disclosure." Id. at 673. The defendants have complied fully with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B), and the plaintiff makes no argument to the contrary. The question is whether Laine's mitigation opinions should be stricken because they were disclosed late.

Under these circumstances, I must apply the four part test for excluding expert testimony articulate in Jacobsen v. Deseret Book Co., 287 F.3d 936 (10th Cir. 2002). In Jacobsen, the circuit court noted that "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." Id. at 952. In determining whether a violation is harmless, I must consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Id. at 953.

Here, the only prejudice articulated by the plaintiff is that he has been precluded from offering expert opinions on mitigation to rebut Laine's. That prejudice is easily cured, however, by allowing the plaintiff to designate a mitigation expert. There is adequate time before the trial in March 2010 to allow the plaintiff to designate a mitigation expert without disrupting the trial. Finally, I find that there is no bad faith or willfulness on the part of the defendants.

IT IS ORDERED that the Motion to Strike is DENIED.

IT IS FURTHER ORDERED that the plaintiff shall designate a rebuttal expert on the issue of mitigation of damages and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 8, 2010**.

IT IS FURTHER ORDERED that discovery is reopended to and including **January 20, 2010**, solely to allow the defendants to depose plaintiff's rebuttal expert on the issue of mitigation of damages.

Dated December 7, 2009.

                                                 BY THE COURT:

                                                 s/ Boyd N. Boland
                                                 United States Magistrate Judge